IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, | |
| Plaintiff, | No. 20 CR 394 |
| v. | Judge John F. Kness |
| DARRYL COLLINS, | |
| Defendant. | |

**MEMORANDUM OPINION**

In this case that charges Defendant Darryl Collins with being a felon in possession of ammunition, the superseding indictment also alleges that Defendant is eligible for an enhanced sentence under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA") based upon his earlier convictions for several violent felonies. (Dkt. 127.) Although the Court denied (Dkt. 106) Defendant's earlier motion (Dkt. 39) to strike the § 924(e) allegation in the original indictment, Defendant filed a motion (Dkt. 115) asking the Court to reconsider that ruling in view of the Supreme Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022). (Dkt. 115.) Defendant also filed a motion (Dkt. 132) asking the Court to declare 18 U.S.C. § 924(e) unconstitutionally vague. By separate order (Dkt. 138), the Court denied both motions. This Opinion explains the reasons for ]the Court's order.

*Wooden* neither compels nor permits the Court to rule, in advance of trial, that the superseding indictment fails as a matter of law to allege that Defendant's multiple previous convictions were for violent felonies "committed on occasions different from one another." Moreover, neither *Wooden* nor the relevant statutory text

support Defendant's contention that Section 924(e) is impermissibly vague as applied to Defendant. For these reasons, as explained more fully below, the Court denied both of Defendant's motions.

## I. BACKGROUND

As summarized in the Court's earlier Order (*see* Dkt. 106), Defendant Darryl Collins is charged with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Dkt. 9.) The superseding indictment alleges that, on July 22, 2020, Defendant, who has previous felony convictions, possessed twelve rounds of ammunition manufactured outside the state of Illinois. (Dkt. 1 ¶¶ 11, 14–15; Dkt. 71 at 3.)

A charge under Section 922(g)(1) typically carries a statutory maximum of ten years. 18 U.S.C. § 924(a)(2). But ACCA provides for a mandatory minimum sentence of fifteen years if, at the time he unlawfully possessed the firearm, the defendant already had three convictions for a "violent felony . . . *committed on occasions different from one another*[.]" 18 U.S.C. § 924(e)(1) (emphasis added). A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has an element the use, attempted use, or threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B).

On April 22, 2010, the Circuit Court of Cook County, Illinois, entered final judgments of conviction against Defendant relating to the following violent felonies[1]:

---

[1] Defendant does not dispute that his four convictions on April 22, 2010 were for "violent felonies" within the meaning of Section 924(e). (*See* Dkt. 39; Dkt. 115.)

2

1. Aggravated vehicular hijacking on November 22, 2006, in violation of 720 ILCS 5/18-4(a)(4), related to a carjacking during which Defendant pointed a gun at the victim;

2. Aggravated vehicular hijacking on November 25, 2006, in violation of 720 ILCCS 5/18-4(a)(4), related to a carjacking during which Defendant's co-defendant was armed with a firearm;

3. Home invasion on November 26, 2006, at 1:50PM, in violation of 720 ILCS 5/12-11(a)(3), related to Defendant's unlawful entry into a home during which Defendant pointed a gun at the victim's head as she was entering her house and stole her purse; and

4. Armed robbery with a firearm on November 26, 2006 at 5:38PM, in violation of 720 ILS 5/18-2(a)(2), related to a robbery with a firearm during which Defendant's co-defendant pointed a gun at the victim's face and demanded her purse (different place, time, and victim from #3).

(Dkt. 50, Gov. Exh. A at 4–6, 12–18 (transcript of April 22, 2010 plea hearing).) The superseding indictment also alleges that, in 2013, Defendant was convicted in the Circuit Court of Cook County for aggravated battery against a peace officer in violation of 720 ILCS 5/12-4(a).

On February 11, 2022, the Court denied Defendant's motion to dismiss the Section 924(e) portion of the indictment. (Dkt. 106.) Applying *United States v. Morris*, 821 F.3d 877 (7th Cir. 2016), the Court found that the time between each of Defendant's qualifying offenses was sufficient under ACCA to show that the offenses were committed "on occasions different from one another." (Dkt. 106) But since that ruling, the Supreme Court decided in *Wooden* that ten burglary offenses arising from a single criminal episode did not occur on different "occasions" under ACCA. Defendant argues that *Wooden* requires the Court to reconsider its earlier ruling and count Defendant's past felony convictions as a single "occasion" under ACCA. (*See* Dkt. 115.) In response, the United States argues that, although reconsideration is

appropriate in the light of new authority, *Wooden* does not change the result. (*See* Dkt. 118.)

On August 8, 2022, a grand jury returned a superseding indictment that includes language from Section 924(e)'s occasions clause. (Dkt. 127). On August 15, 2022, Defendant filed a motion to declare Section 924(e) unconstitutional for vagueness, at least as applied to Defendant. (Dkt. 132). Both of these motions are considered in turn.

## II. DISCUSSION

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." Fed. R. Crim. P. 7(c)(1). To be legally sufficient, an indictment must accomplish three things: "First, it must adequately state all the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, [it] must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense." *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002). In other words, the indictment must "provide the defendant with some means of pinning down the specific conduct at issue," but it need not include every relevant fact. *Id.* (cleaned up). Courts "review indictments on a practical basis and in their entirety, rather than in a hypertechnical manner." *Id.* (cleaned up).

The superseding indictment (Dkt. 127) complies with the requirements of the Federal Rules. Reviewed on a "practical basis," it informs Defendant of the nature of the two charges—18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e)—and adequately states the elements of those charges against him. *Anderson*, 280 F.3d at 1124. Defendant

4

nonetheless asks the Court to reconsider its earlier decision not to strike the 18 U.S.C. § 924(e) count in view of the Supreme Court's decision in *Wooden*. (Dkt. 115.) Defendant also asks the Court to declare Section 924(e) unconstitutionally vague. (Dkt. 132.)

### A.  Motion to Reconsider

In general, reconsideration is appropriate when: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *River Vill. W. LLC v. Peoples Gas Light & Coke Co.*, 618 F. Supp. 2d 847, 850 (N.D. Ill. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Defendant and the Government agree that reconsideration is appropriate in the light of the Supreme Court's recent decision in *Wooden*. At issue is whether *Wooden* had a material effect on the case at hand.

Under Rule 12, a party "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). That is a high bar: an issue is only "capable of determination [by a pretrial motion] if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining" the issue. *United States v. Covington*, 395 U.S. 57, 60 (1969) (cleaned up); *see United States v. Yasak*, 884 F.2d 996, 1001 n.3 (7th Cir. 1989) (A defense is generally "capable of determination before trial if it involves

5

questions of law rather than fact." (citation omitted)). If a pretrial issue is "substantially intertwined with the evidence concerning the alleged offense," the motion to dismiss "falls within the province of the ultimate finder of fact." *Yasak*, 884 F.2d at 1001 n.3.

ACCA's sentencing enhancement applies when: (1) the offender has three previous convictions for specified felonies; and (2) those predicate felonies were committed on "occasions different from one another." 18 U.S.C. § 924(e)(1). The issue before the Court is whether, in view of *Wooden*, Defendant's past felony convictions satisfy the second element under ACCA.

Counsel for the United States has stated the government's position that the jury should determine whether ACCA applies to Defendant. (Dkt. 125.) *Wooden* did not conclude that whether a defendant acted on "occasions different from one another" needs to be decided by a jury. Indeed, the Supreme Court noted in a footnote that two *amici* briefs raised this issue (noting the question as "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion"), but the Court did not resolve it "because Wooden did not raise it." *Wooden v. United States*, 142 S. Ct. 1063, 1068, n.3 (2022). In view, however, of the superseding indictment (Dkt. 127), the percolating Sixth Amendment question referred to (but not resolved) in *Wooden*, and the parties' apparent agreement that the issue of ACCA's occasions clause should go to the jury, the Court finds that the better course is to submit the different-occasions question to the jury.

But deciding that the jury should decide the different-occasions issue as a question of *fact* does not resolve the question of *law* whether the superseding

6

indictment is legally viable; the Court must make that antecedent legal determination. Put another way, the Court must, before allowing the different-occasions question to go to the jury, determine whether a reasonable jury could find that Defendant's underlying felony convictions happened on occasions different from one another.

In *Wooden*, the defendant's relevant criminal record included ten burglary convictions arising out of the defendant's unlawful entry into a one-building storage facility where the defendant stole items from ten different storage units. *Wooden*, 142 S. Ct. at 1067. Prosecutors indicted the defendant on ten counts of burglary—one for each storage unit—and the defendant pleaded guilty to all counts. *Id.* At the defendant's sentencing hearing on his Section 922(g) conviction, the district court applied ACCA's penalty enhancement after finding that the defendant commenced a new "occasion" of criminal activity each time he left one storage unit and entered another. *Id.* at 1068. The Court of Appeals for the Sixth Circuit affirmed the sentence. *Id.*

Focusing on the ordinary usage of the word "occasion" and the statutory history and purpose of ACCA, *Wooden* held that the ten burglary offenses did not occur on different "occasions" and thus counted as only one conviction for purposes of ACCA. *Id.* at 1065. *First*, the Supreme Court interpreted "occasion" according to its ordinary meaning: namely, "an event, occurrence, happening, or episode" that may itself "encompass multiple, temporally distinct activities." *Id.* at 1069. For this reason, the Supreme Court rejected the Government's contention that an "occasion" ends at the discrete moment when an offense's elements are established. *Id.* As the Court

7

explained, the government's interpretation would improperly collapse ACCA's two conditions into a single three-felony-convictions requirement, rendering the occasions clause superfluous. *Id.* at 1070. *Wooden* noted that some temporally discrete offenses could, therefore, qualify in common usage as a single "occasion" under ACCA. *Id.*

*Second*, the Supreme Court considered ACCA's legislative history. *Id.* at 1072–74. Congress amended ACCA to add the occasions clause after the Solicitor General confessed error following an appeal from the Eighth Circuit's upholding the application of ACCA to Samuel Petty, an offender who, like Wooden, was convicted of multiple counts of robbery arising from a single criminal episode. *Id.* at 1072–73; *Petty v. United States*, 481 U.S. 1034, 1034–1035 (1987), *remanded sub nom. to United States v. Petty*, 828 F.2d 2 (1987). In that precipitating case, Petty's multiple felony convictions were based on a stickup of a restaurant involving the defendant and his accomplices entering an establishment with guns and robbing the patrons and employees. *Wooden*, 142 S. Ct. at 1072 (citing *United States v. Petty*, 798 F.2d 1157, 1159–60 (8th Cir. 1986)). Petty was later convicted of violation of Section 922(g) and the Government requested heightened penalties under ACCA. *Id.* On appeal to the Supreme Court, the Solicitor General argued that ACCA should not be construed "to reach multiple felony convictions arising out of a single criminal episode" and acknowledged that "ACCA lacked language found in other penalty-enhancement laws requiring prior crimes to have occurred on 'occasions different from one another.' " *Id.* Congress later amended ACCA by adding the occasions clause to "reflect the Solicitor General's construction" in *Petty*. *Id.* at 1073.

8

*Wooden* also provided guidance on the factors that courts must consider when assessing whether, as a legal matter, criminal activities occurred on one or different occasions. According to the Supreme Court, the analysis is a "more multi-factored [inquiry] in nature" that may involve "a range of circumstances," including the proximity in time, location, and the character and relationship of the offenses. *Id.* at 1070–71. But the Supreme Court emphasized that, "[f]or the most part, applying this approach will be straightforward and intuitive" and "[i] many cases, a single factor— especially of time or place—can decisively differentiate occasions." *Id.*

In this case, Defendant was convicted of a string of offenses within a five-day span between November 22–26, 2006. These offenses included two aggravated vehicular hijackings, a home invasion, and an armed robbery: (1) an armed carjacking on November 22; (2) a carjacking on November 25, during which Defendant's co-defendant was armed with a gun; (3) an armed home invasion on November 26; and (4) an armed robbery involving a different victim, different location, and later in the day on November 26.

Defendant contends that these felony convictions constitute a single occasion for purposes of ACCA under *Wooden*'s "multi-factor balancing test." (Dkt. 115 at 2–3.) In Defendant's view, the criminal activities undergirding his previous felony convictions were connected and occurred within the span of a "few short days, all within three-quarters of a mile of each other, with the same codefendant, when [Defendant] was barely 16 years old." (*Id.* at 2.) Defendant also points to the "similar character" of his criminal activities and the absence of known "significant intervening events" between them. (*Id.* at 3–4.) For all of these reasons, Defendant argues that

9

his felonies are "better characterized as one occasion of 'teenage Darryl Collins's four-day streak of similar crimes committed with [co-defendant],' not many occasions in 'Darryl Collins's criminal career,' " (Dkt. 119 at 1), and thus, the Section 924(e) charge should be dismissed.

But it is not so that "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining" the issue. *Covington*, 395 U.S. at 60. There are sufficient differences between the facts in *Wooden* and in this case to require that the different-occasions question be committed to a jury. Applying the ordinary meaning of the word "occasion" here, the Court need not engage in what *Wooden* termed "extra-ordinary work." 142 S. Ct. at 1071. As Defendant concedes, his criminal activities involved different crimes, occurring at different locations, and, at for at least three of the incidents, occurring on different days. (Dkt. 115 and Dkt. 119).

These facts could allow an ordinary (and reasonable) person to conclude that Defendant's activities did not happen on a single occasion. 142 S. Ct. at 1069. Unlike in *Wooden*, where the defendant committed "essentially identical" crimes on a single night at one location that were "part and parcel of the same scheme, actuated by the same motive, and accomplished by the same means," *id.*, Defendant's activities were distinct in time, place, and nature. *Id.* at 1071. It bears emphasis that a showing of distinctiveness for any one of those factors "can decisively differentiate occasions." *Id*.

Accordingly, the Court rejects Defendant's argument that Section 924(e) does not apply to him as a matter of law. Because facts could plausibly support the application of Section 924(e) here, the issue is not ripe for resolution on a motion to dismiss but is instead properly "within the province of the ultimate finder of fact."

10

*See Yasak*, 884 F.2d at 1001 n.3. Because a reasonable jury could find that ACCA applies in this case, Defendant's motion for reconsideration fails.

### B. Motion to Declare Section 924(e) Unconstitutionally Vague

Defendant also sought a declaration that Section 924(e) is unconstitutionally vague in the light of *Wooden*. (Dkt. 132.) According to Defendant, "[t]he problem with Section 924(e) is that the occasions clause does not provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited." (*Id.* at 3.) In support, Defendant cited questions by Justices Sotomayor and Gorsuch, during oral argument, that reflect the "Justices' very serious concerns" about vagueness. (*Id.* at 2–3.)

But the opinion in *Wooden* (as opposed questions posed during oral argument of the case) did not address vagueness, *see generally* 142 S. Ct. 1063, and this Court is not aware of any Seventh Circuit decision addressing vagueness post-*Wooden*. But before *Wooden*, the Seventh Circuit, if obliquely, rejected a vagueness challenge to the separate occasions provision of Section 924(e). *Morris*, 821 F.3d at 880 (a "circuit split is insufficient to show that a statute is unconstitutionally vague"). Merely intoning that the outcome in *Wooden* went in favor of the defendant—where that holding was not based on vagueness—does not permit this Court to ignore that our Court of Appeals has already rejected a vagueness challenge to Section 924(e). *Morris*, 821 F.3d at 880; *see also United States v. Kernell*, 667 F.3d 746, 754 (6th Cir. 2012) ("[T]he fact that different courts have interpreted a statute differently does not make the statute vague—if that were true, a circuit split over the interpretation of a criminal statute would by definition render the statute unconstitutional.").

Even if *Morris* did not conclusively resolve the vagueness issue, Defendant's argument, as the Eleventh Circuit recently concluded in an analogous case, remains unpersuasive. *See United States v. Jones*, 2022 WL 1763403, at *3 (11th Cir. June 1, 2022). In *Jones*, the Eleventh Circuit, in an unpublished order, held that "the different-occasions provision [of Section 924(e)] is not unconstitutionally vague." Contrary to Defendant's argument here, *Jones* explained that the statutory language adequately "gives persons of ordinary intelligence fair notice that committing qualifying offenses on different occasions will result in the sentencing enhancement, and it permits non-arbitrary enforcement . . . through *Wooden*'s multifactor test." *Id.* (cleaned up). Although a decision of the Eleventh Circuit is not controlling in this case, the Court finds the reasoning in *Jones* persuasive.

Congress is not required to legislate in "encyclopedic terms" and can rely on "general, qualitative, or normative terms." *United States v. Jenkins*, 770 F.3d 507, 510 (6th Cir. 2014). Section 924(e) is an example of such permissible legislation. In short, under *Morris*, 821 F.3d at 880, as emphasized post-*Wooden* in *Jones*, 2022 WL 1763403, at *3, the Court is persuaded that Section 924(e) is not unconstitutionally vague. By requiring an inquiry into the facts surrounding the previous conduct of criminal defendants, Section 924(e) offers sufficient predictability to afford "a person of ordinary intelligence" adequate notice of the conduct that results in sentencing enhancements. *Id.* For these reasons, the Court denied Defendant's motion to declare Section 924(e) unconstitutionally vague.

### III. CONCLUSION

12

For the foregoing reasons, the Court denied Defendant's motions for reconsideration (Dkt. 115) and to declare Section 924(e) unconstitutionally vague (Dkt. 132).

SO ORDERED in No. 20 CR 394.

Date: September 4, 2022

_____
JOHN F. KNESS
United States District Judge